THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY M. DUNAWAY, SR., :

Plaintiff, :

v. :

HON. HELEN WALLACE, et al., :

Defendants. :

Case No. 3:26-cv-7

Judge Walter H. Rice
Mag. Judge Peter B. Silvain, Jr.

---

ORDER OVERRULING EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER OF PLAINTIFF ANTHONY M. DUNAWAY, SR. (DOC. #4); PLAINTIFF IS ORDERED TO SHOW CAUSE WITHIN TWENTY-ONE (21) DAYS OF ENTRY WHY THE COURT SHOULD NOT OVERRULE PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DOCS. #1, 3), DISMISS THE COMPLAINT (DOC. #1-1) WITHOUT PREJUDICE TO REFILING IN A STATE COURT OF COMPETENT JURSIDCTION, AND TERMINATE THE CAPTIONED CASE PURSUANT TO THE ABSTENTION DOCTRINE SET FORTH IN *YOUNGER V. HARRIS*, 401 U.S. 37 (1971)

---

Before the Court is the Motion for Preliminary Injunction ("PI") and Temporary Restraining Order ("TRO") of Plaintiff Anthony M. Dunaway, Sr. (PI Motion, Doc. #4). Therein, Plaintiff seeks to enjoin Defendants Montgomery County, Ohio, Juvenile Court Judges Helen Wallace and Julie Bruns and Juvenile Court Magistrate Hope L. Smalls from any further participation, rulings, supervision, or interference in Plaintiff's pending state juvenile matters[.]" (*Id.* at PAGEID 71, citing Juvenile Ct. Docket Nos. G-2025-426-01, G-2025-427-01). The PI

Motion arises from the Complaint (Doc. #1-1) attached to his First Motion to Proceed *In Forma Pauperis*. (Doc. #1). Therein, Plaintiff alleges that Defendants have unconstitutionally interfered with his parental rights through a custody hearing in the Juvenile Court, limiting him to supervised visits with his children, despite not having been adjudged unfit. (Doc. #1-1, PAGEID 8, citing *Troxel v. Granville*, 530 U.S. 57 (2000)). Plaintiff further claims that Magistrate Smalls's treatment of Plaintiff has been motivated by sex-based animus, and that the Juvenile Court had refused to provide a transcript of the proceedings so that Plaintiff could prepare his appeal. (*Id.*). On January 22, 2026, Plaintiff filed a Second Motion to Proceed *In Forma Pauperis*, wherein he updated his financial records. (Doc. #3, PAGEID 68-69).

As Plaintiff correctly states, Plaintiff must demonstrate the following to obtain a TRO or PI: "1. A strong likelihood of success on the merits; 2. That the movant will suffer irreparable harm without the injunction; 3. That the issuance of the injunction will not cause substantial harm to others; and 4. That the public interest would be served by the injunction." (*Id.* at PAGEID 71-72, citing *Winter v. Natural Resources Def. Council*, 555 U.S. 7, 20 (2008)). "The likelihood of success on the merits is typically the most important factor of a preliminary injunction analysis, and a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed." *Higuchi Int'l Corp. v. Autoliv ASP, Inc.*, 103 F.4th 400, 409 (6th Cir. 2024) (internal quotation marks and citation omitted).

2

Unfortunately for Plaintiff, for two reasons, there is *no* chance that he will succeed on the merits. *First*, the entirety of Plaintiff's claims against Defendants arise from their alleged orders in and statements made during Juvenile Court proceedings. (Doc. #1-1, PAGEID 8). It has been a bedrock of legal jurisprudence since "medieval times[,]" *Forrester v. White*, 484 U.S. 219, 225 (1988), that judges and judicial officers are absolutely immune from suit for money damages arising out of judicial and adjudicative acts. *Id.* at 227. Moreover, it is long-settled that such absolute immunity extends to suits, like the instant Complaint, arising under 42 U.S.C. § 1983, even if the judges are accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967). Thus, even if Plaintiff is correct that Defendants' orders restricting Plaintiff's visitation time arose out of sex-based animus, rather than a careful, neutral application of the law, Plaintiff's suit against Defendants would necessarily fail as a matter of law.

*Second, Younger v. Harris* set forth the principle that federal courts should abstain from exercising jurisdiction over a federal claim arising out of certain ongoing state court proceedings. 401 U.S. 37 (1971). The Supreme Court subsequently clarified the scope of *Younger* abstention, holding that it may be appropriate when the following elements are met: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990), citing *Middlesex Cnty. Ethics Comm. v. Garden St. Bar*

3

*Ass'n,* 457 U.S. 423, 432 (1982). In *Sprint Comm'ns, Inc. v. Jacobs*, the Court reiterated that abstention should be the exception, and is appropriate only in "'state criminal prosecutions,' 'civil enforcement proceedings,' and 'civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.'" 571 U.S. 69, 73 (2013), quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) ("*NOPSI*"). While *Younger* abstention is not a jurisdictional threshold, the United States Court of Appeals for the Sixth Circuit has stated that "a federal court *must* decline to interfere with pending state civil or criminal proceedings when important state interests are involved." *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2006) (emphasis added).

The *Younger* abstention elements are easily satisfied in this case. *First*, Plaintiff is involved in an ongoing child custody dispute in state court. (Doc. #1-1, PAGEID 8-9; Doc. #4). *Second*, child custody determinations implicate important state interests, and the Sixth Circuit has held that child custody disputes are within the scope of *Younger* abstention. *See, e.g., Furr-Barry v. Underwood*, 59 F. App'x 796,797-98 (6th Cir. 2003); *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201 (6th Cir. 2001). *Third*, the Sixth Circuit has held that a domestic relations proceeding in an Ohio state court provides an adequate opportunity for a plaintiff to raise federal constitutional claims. *Kelm v. Hyatt*, 44 F.3d 415, 419-21 (6th Cir. 1995); *Meyers*, 23 F. App'x at 205-06. Accordingly, even if Plaintiff had set

4

forth colorable federal constitutional claims arising out of the Juvenile Court proceeding, the Court would decline to exercise jurisdiction over those claims.

For the foregoing reasons, Plaintiff's PI Motion (Doc. #4) is OVERRULED. Given that Defendants are absolutely immune from suit, and *Younger* abstention compels this Court to decline jurisdiction even if the Defendants were not immune, Plaintiff is ORDERED TO SHOW CAUSE within TWENTY-ONE (21) days of Entry why the Court should not do the following:

1. Overrule Plaintiff's Motions to Proceed *In Forma Pauperis* (Docs. #1, 3);
2. Dismiss his Complaint (Doc. #1-1) without prejudice to refiling in a state court of competent jurisdiction; and
3. Terminate the captioned case upon the docket records of this Court.

IT IS SO ORDERED.

*Walter H. Rice*

January 30, 2026

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT